UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In Re:   JAY CHARLES STUTTS                                              Case No. 09-40594-LMK
                                                                                              Chapter 13
         and

         ELIZABETH A. STUTTS,

                   Debtors.
_____/

**CHAPTER 13 PLAN**

1. <u>Payments to the Trustee:</u> The future earnings, or other future income of the Debtor, shall be submitted to the supervision and control of the Trustee.  The Debtors shall pay the Trustee the sum of $2,300.00 per month for payments one (1) through sixty (60) of the Plan, for a total Plan Base of $138,000.00, with the first being due on July 30, 2009.  **The Debtors shall pay to the Trustee the tax refunds for five (5) years, unless otherwise provided herein.**

2.   Plan Length: Estimated to be 60 months.

3.  Allowed claims against the Debtors shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   A. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. §1328.

   B. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. §1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payments of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and an Co-Obligor(s).

   C. All priority creditors under 11 U.S.C. §507 shall be paid in full in deferred cash payments.

4.  From the payments received under the Plan, the Trustee shall make disbursements as follows:

   **A.  Administrative Expenses/Priority Claims:**

         (1) Trustee's Fee:   As determined by the Attorney General of the United States.

      (2) Filing Fee (Unpaid portion):   N/A

      (3) Priority Claims under 11 U.S.C. §506:

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the
             holder of the claim.

(b) The name(s) of the holder of any domestic support obligations are as follows: [(11 U.S.C. §§101(14A) and 1302(b0(6)]

| Name of Holder | Amount of Claim |
|---|---|
| None | N/A |

(c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. §507(a)(1) will be paid in full pursuant to 11 U.S.C. §1322(a)(2):

| Name of Holder | Estimated Arrearage Claim |
|---|---|
| None | N/A |

(d) Pursuant to §§1322(a)(1)(B) and 1322(a)(4), the following domestic support claims are assigned to, owed to, or recoverable by a governmental unit:

Name of Claimant and Proposed Treatment:
None

(4) Attorney's Fees (Unpaid portion):  $1,000.00 Atty. Fees +  $200.00 Admin. Fee

Pursuant to Standing Order of this Court, the Debtors' attorney may seek additional fees of $75.00 upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income show on the annual statement, the Debtors' attorney may seek additional fees of $200.00. In either of these events, no further notice will be given to the creditors.

(5) Other priority claims:

| Name | Amount of Claim | Interest Rate (If Specified) |
|---|---|---|
| None | N/A | N/A |

**B. Secured Claims:**

(1). Secured debts which will **not** extend beyond the length of this Plan:

(A) Secured claims subject to valuation under 11 U.S.C. §506:
Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim:

| Name of Creditor | Total of Allowed Secured Claim | Interest Rate |
|---|---|---|
| None | N/A | N/A |

   (B)  Secured claims **not** subject to valuation under 11 U.S.C. §506:
Each of the following secured claims shall be paid through the plan as set forth below until the total amount of the claim has been paid in full:

| Name of Creditor | Total of Allowed Secured Claim | Interest Rate |
|---|---|---|
| DOT Credit Union | $21,791.00 | 7% |
| DOT Credit Union | $24,935.00 | 7% |

(2). Secured Claims which will extend beyond the length of the Plan:

| Name of Creditor | Total of Allowed Secured Claim | Monthly Payment | Interest Rate (If Specified) |
|---|---|---|---|
| None | N/A | N/A | N/A |

**D. Unsecured Claims:**

(1). General, Non-Priority Unsecured Claims:
Unsecured claims shall be paid approximately 2 cents on the dollar, with distribution being on a pro rata basis.

5. The Debtors propose to cure defaults to the following creditors by means of monthly payments by the Trustee:

| Name of Creditor | Amount of Default | Interest Rate (If Specified) |
|---|---|---|
| None | N/A | N/A |

6. The Debtors shall make regular monthly payments directly to the following creditors:

| Name of Creditor | Amount of Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| Colonial Savings | Per Contract | Per Contract | Per Contract |
| Beneficial/HFC | Per Contract | Per Contract | Per Contract |
| Retirement Solutions | Per Contract | Per Contract | Per Contract |

7. The following executory contracts or unexpired leases are **assumed** by the Debtors.

| Name of Other Party | Description of Contract or Lease |
|---|---|
| None | None |

8. Property to be surrendered to Secured Creditor in full satisfaction of claim [Property **not** subject to valuation under 11 U.S.C. §506(a)]:

| Name of Creditor | Amount of Claim | Description of Property |
|---|---|---|
| N/A | N/A | N/A |

9. Property to be surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim [Property subject to valuation under 11 U.S.C. §506(a)]:

| Name of Creditor | Amount of Claim | Description of Property |
|---|---|---|
| None | N/A | N/A |

10. Title to the Debtors' property shall re-vest in the Debtors upon confirmation of this Plan unless otherwise provided in Paragraph 12 below

11. As used herein, the term "Debtor" shall include both debtors in a joint case.

12. Non-Standard Provisions:

All tax refunds to which Debtors become eligible to receive during the term of this Chapter 13 Plan shall be immediately turned over to the Trustee and dedicated to the Plan Base. The Debtors shall provide the Trustee copies of their federal income tax returns at the same time the returns are filed with the IRS each year the Debtors are in bankruptcy. In the event that the income the Debtor disclosed on their Schedule I is less than that reported to the IRS on the tax return for any given year, the Plan Base shall be increased by the amount of the undisclosed income.
13. Other Provisions:

Unsecured claims shall be paid interest to the extent funds are available, not to exceed six (6) % per annum.

The provisions of Paragraph 3. are not intended to modify the rights of the holder(s) of any mortgages on any real property owned by the Debtor and used as his/her principal residence. The terms of all notes and mortgages of Debtor's real property used as Debtor's principal residence shall remain in full force and effect.

**PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES**.

Pursuant to 11 U.S.C. §521(f)(4)(B) and Standing Order of this Court, the required annual statement as described herein shall be filed.

**RESPECTFULLY SUBMITTED** this   6th   day of July, 2009.

   /s/ J. Randall Frier
J. Randall Frier, Esquire
Florida Bar No. 0754978
FRIER & FRIER, P.A.
1682 Metropolitan Circle
Tallahassee, FL 32308
(850) 894-2084 Telephone
(850) 894-9494 Facsimile
Attorney for Debtors